**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**KENNARD GATEWOOD**                                                                              **PETITIONER**
Reg. #22895-009

VS.                                    CASE NO.: 2:08CV00054 WRW/BD

**T.C. OUTLAW**                                                                                         **RESPONDENT**
Warden, FCC,
Forrest City, Arkansas

**RECOMMENDED DISPOSITION**

**I**.     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from receipt of the findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## II.   Introduction:

Pending is Petitioner Kennard Gatewood's Petition for Writ of Habeas Corpus (docket entry #1). Respondent has not been served. For the reasons that follow, the Court recommends that this Petition for Writ of Habeas Corpus (#1) be DENIED and DISMISSED with prejudice.

## III.   Background:

Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He is serving his sentence at the Federal Correctional Complex at Forrest City, Arkansas ("FCC-FC").

Petitioner alleges he enrolled in and successfully completed the Residential Drug Abuse Program ("RDAP") at FCC-FC. As a result, Petitioner states he is entitled to a

one- year reduction of his sentence as provided by 18 U.S.C. § 3621(e)(2)(B), even though 28 C.F.R. § 550.58 categorically precludes Petitioner from eligibility for a sentence reduction. A one year reduction would entitle Petitioner to immediate release.

### IV.   Analysis of Petitioner's Claims:

Petitioner requests immediate release from prison through a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Because it appears that Petitioner is not entitled to the relief he requests, this Court will not delay potential appellate review by ordering Respondent to show cause why this petition should not be granted. See 28 U.S.C. § 2243 (authorizing dismissal prior to issuance of a show cause order). The Court also notes Petitioner has not attempted to pursue any administrative remedies.

### A.   Exhaustion of Administrative Remedies:

Petitioner did not attempt to exhaust his administrative remedies through the Bureau of Prisons ("BOP"). A petitioner is required to exhaust his administrative remedies before filing a 28 U.S.C. § 2241 petition for writ of habeas corpus. *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000) (citing *United States v. Iversen*, 90 F.3d 1340, 1344 (8th Cir 1996); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993)). Failure to exhaust does not deprive the Court of jurisdiction, however, because the exhaustion requirement is judicially created and not jurisdictional. *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (2007).

3

Petitioner asks the Court to excuse the exhaustion requirement due to perceived futility. The Court agrees that pursuing the available administrative remedies would be futile. See *Elwood v. Jeter*, 386 F.3d 842, 844 n. 1 (8th Cir. 2004) (government conceded that petitioner's use of the grievance procedure to contest the validity of BOP policy would be futile). Accordingly, the Court will excuse Petitioner's failure to exhaust and address the merits of his petition.

### B. Title 18 U.S.C. § 3621, 28 C.F.R. § 550.58, and 5 U.S.C. § 706:

The BOP offers the RDAP to inmates identified with substance abuse problems. As an incentive for successful completion of the program, Congress enacted 18 U.S.C. § 3621(e), which allows the BOP to reduce nonviolent offenders' sentences by up to one year. Section 3621(e)(2)(B) provides:

> Period of custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). The wording of § 3621(e)(2)(B) makes any sentence reduction discretionary. *Lopez v. Davis*, 531 U.S. 230, 239-42, 121 S.Ct. 714 (2001).

Petitioner alleges he successfully completed the RDAP but that the BOP failed to grant the sentence reduction to which he is entitled. Petitioner acknowledges that because his offense involved the possession of a firearm, 28 C.F.R. § 550.58 and BOP Program Statement ("PS") 5162.04 categorically preclude the relief he requests. He argues,

however, that 28 C.F.R. § 550.58 is invalid because the BOP failed to comply with 5 U.S.C. § 706 of the Administrative Procedures Act ("APA") when it issued § 550.58.  In furtherance of this argument, Petitioner adopts the rationale set out in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008).

In *Arrington*, the Ninth Circuit held that the BOP's "promulgation of [28 C.F.R. § 550.58] was arbitrary and capricious because it failed to articulate a rationale for its categorical exclusion of a class of nonviolent offenders from eligibility for early release." *Arrington*, 516 F.3d at 1116.  This Court declines the invitation to adopt the holding in *Arrington*, as it appears to conflict with the reasoning in controlling Supreme Court and Eighth Circuit precedent.

Title 28 C.F.R. § 550.58 is a federal regulation outlining the exercise of BOP discretion under 18 U.S.C. § 3621(e)(2)(B).  Judicial review of administrative action is governed by the Administrative Procedures Act.  *In re Sac & Fox Tribe of Miss. In IA./Meskwaki Casino Litig.*, 340 F.3d 749, 755 (8th Cir. 2003).  When a statute unambiguously expresses the intent of Congress, the agency must give effect to that intent.  *Chevron U.S.A. Inc. V. Natural Res. Def. Council*, 467 U.S. 837, 842-43, 104 S.Ct. 2778 (1984).  On the other hand, when Congress has left discretion for agency action, the agency's interpretation is entitled to substantial deference under *Chevron*.  *United States v. Mead Corp.*, 533 U.S. 218, 121 S.Ct. 2164 (2001).  In the Eighth Circuit, *Chevron* deference means the agency's interpretation is given controlling weight unless

"arbitrary, capricious, or manifestly contrary to the statute." *In re Old Fashioned Enters., Inc.*, 236 F.3d 422, 425 (8th Cir. 2001). Section 3621(e)(2)(B) clearly gives the BOP discretion to effectuate Congress's intent in providing incentives for the successful completion of the RDAP. Accordingly, "all [this Court] must decide is whether the [BOP], the agency empowered to administer the early release program, has filled the statutory gap 'in a way that is reasonable in light of the legislature's revealed design.'" *Lopez*, 531 U.S. at 242 (quoting *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257, 115 S.Ct. 810 (1995)). This Court finds that it has.

The Eighth Circuit has consistently upheld the validity of 28 C.F.R. § 550.58. See *King v. Morrison*, 231 F.3d 1094 (8th Cir. 2000) (after the publication of 28 C.F.R. § 550.58 in October 1997, federal prisoners convicted of being felons in possession of firearms under § 922(g) are not eligible for early release under § 3621(e)(2)(B)); *Bellis v. Davis*, 186 F.3d 1092 (8th Cir. 1999) (BOP has discretion to exclude inmates convicted of nonviolent offenses from early release under 18 U.S.C. § 3621(e)(2)) *affirmed sub nom. Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714 (2001).

The Supreme Court has also upheld 28 C.F.R. § 550.58. See *Lopez*, 531 U.S. at 244 (28 C.F.R. § 550.58 is a valid exercise of BOP's discretion under 18 U.S.C. § 3621(e)(2)(B)). The Ninth Circuit reasoned that *Lopez* did not foreclose its decision in *Arrington*, because the Supreme Court did not decide whether the BOP complied with the requirements of § 706 when promulgating 28 C.F.R. § 550.58. *Arrington*, 516 F.3d at

1114-15.  That may be true.  However, virtually every one of the Supreme Court's opinions contains explanatory language that provides guidance in future cases.  *Carey v. Musladin*, 127 S.Ct. 649, 655 (2006) (Stevens, J. concurring) (citing *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004)).  It is wrong to discount the importance of such guidance on the grounds that it was not strictly necessary to the Court's specific holding in the case.  *Id.*

In *Lopez*, the Supreme Court declined to address an APA challenge based on notice and comment requirements.  *Lopez*, 531 U.S. at 244 n. 6.  The Supreme Court, however, seemed well aware of the controlling principles embodied in the APA.  This is evident from the Supreme Court's discussion of deference owed to the BOP under *Chevron*.  *Id.* at 237.  The Court also discussed the BOP's argument that it must only interpret the statute reasonably under *Chevron*, and in a manner that is not arbitrary or capricious under 5 U.S.C. § 706(2)(A) of the APA.  *Id.* at 240.  The Court agreed with the BOP's position.  *Id.*  The Court again discussed *Chevron* deference and found the BOP's interpretation reasonable.  *Id.* at 242.  The Court explicitly found 28 C.F.R. § 550.58 to be permissible and reasonable under its analysis.  *Id.* at 244.  This Court notes that *Lopez* discussed the BOP's interpretation of § 3621(e) through 28 C.F.R. § 550.58, while *Arrington* purports to address its promulgation.  Regardless, deferring to the BOP's reasonable implementation of § 3621, this Court cannot find 28 C.F.R. § 550.58 invalid

7

under 5 U.S.C. § 706(2)(A) of the APA. Accordingly, this Court recommends the District Court deny the relief requested and dismiss the pending petition.

**V.    Conclusion:**

The Court recommends that Petitioner's petition for writ of habeas corpus (#1) be denied and dismissed with prejudice.

DATED this 22nd day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE